MUIR v. HODGES et al.

(Circuit Court, D. Vermont. July 25, 1902.)

1. CREDITORS' BILL—WHEN LIES.
    A widow's share of rents and profits of lands in which she has right of dower unassigned is liable for her debts, and may be reached by creditors' bill in the hands of the persons receiving them.

2. SAME—DESCRIPTION OF PROPERTY.
    A creditors' bill sufficiently describes property sought to be reached where defendants will probably understand what is meant.

In Equity.

Joel C. Baker, for plaintiff.
Geo. E. Lawrence, for defendants.

WHEELER, District Judge. This is a creditors' bill, showing a judgment in this court against the defendant Maria for $2,000 damages and $27.03 costs, with a return of no goods to be found on the execution, and the receipt of the use of her dower, and her share in the personal estate of her husband by the defendants E. H. and E. W. Hodges, and has been heard on demurrer; the principal ground of which is the uncertain description of property to be reached. Her share of the rents and profits of the lands in which she has had the right of dower unassigned would be liable for her debts, and reachable in their hands (Holmes v. Bridgman, 37 Vt. 28); and her distributive share of her husband's estate, alleged to have gone into and to have remained in their hands, seems to be well enough described to require answer. They will probably understand what property is meant.

Demurrer overruled; defendants to answer over by August 19th.

¶ 1. See Creditors' Suit, vol. 14, Cent. Dig. § 35; Dower, vol. 17, Cent. Dig. § 218.